JUN 02 2017

S.D. OF N.Y.

ORIGINAL

DOC #_____

Approved: _____

SHEB SWETT
Assistant United States Attorney

Before:    THE HONORABLE BARBARA C. MOSES
           United States Magistrate Judge
           Southern District of New York

**17 MAG . 4195**

------------------------------------X
                                    :
UNITED STATES OF AMERICA            :    **SEALED COMPLAINT**
                                    :
                                    :    Violation of 18 U.S.C.
           - v. -                   :    §§ 641 and 2
                                    :
                                    :    COUNTY OF OFFENSE:
RUFINO ARAUT,                       :    BRONX
                                    :
               Defendant.           :
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        BRIGLANTINA BUJAJ, being duly sworn, deposes and says
that she is a Special Investigator with the New York City
Department of Investigation, Office of the Inspector General
("OIG") for the New York City Housing Authority ("NYCHA"), and
charges as follows:

COUNT ONE

        1.   From at least in or about October 2008 up to and
including at least in or about May 2017, in the Southern
District of New York and elsewhere, RUFINO ARAUT, the defendant,
did knowingly embezzle, steal, purloin, and convert to his use
and the use of another, vouchers, money, and things of value of
the United States and a department and agency thereof, to wit,
the United States Department of Housing and Urban Development,
which exceeded the sum of $1,000, and did receive, conceal, and
retain the same with intent to convert it to his use and gain,
knowing it to have been embezzled, stolen, purloined and
converted, to wit, ARAUT fraudulently obtained housing subsidies
in connection with the lease of three apartments administered by
the New York City Housing Authority.

        (Title 18, United States Code, Sections 641 and 2.)

2

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2.   I am a Special Investigator with the OIG for NYCHA. I have been personally involved in the investigation of this matter, and I base this affidavit on that personal experience, as well as on my conversations with other law enforcement agents and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the offenses cited above, it does not include all the facts that I have learned during the course of the investigation. Where the contents of conversations of others are reported herein, they are reported in substance and in part.

## **Overview**

3.   RUFINO ARAUT, the defendant, was a participant in the Housing Choice Voucher Program, under which he received a housing subsidy to live in privately-owned apartment buildings. As part of his participation in the program, ARAUT was required to submit an affidavit stating his household composition and household income. Between 2008 and 2017, ARAUT consistently reported that he lived alone, despite the fact that his girlfriend, later wife, an employee with the New York City Department of Education, lived with him during this period. In 2015, ARAUT admitted to NYCHA investigators, including myself, that he had failed to disclose his wife's income as was required. Nonetheless, ARAUT continued to live in subsidized housing with his wife through May 2017. Because of ARAUT's fraudulent reporting, he received over $80,000 in housing benefits that he would not have otherwise received had he accurately reported his household composition and income.

## **The Housing Choice Voucher Program**

4.   Based on my training, experience, and participation in this investigation, and participation in prior investigations into federal housing benefit fraud, I know the following:

a.   Under the Housing Choice Voucher Program (commonly known as the "Section 8 Program"), which NYCHA administers in cooperation with the United States Department of Housing and Urban Development ("HUD"), low-income individuals who meet certain eligibility criteria may obtain housing subsidies to live in privately-owned apartment buildings. A

housing subsidy is paid directly to the landlord by NYCHA, from its Manhattan office, on behalf of the participating individual. The individual then pays the difference between the actual rent charged by the landlord and the amount subsidized by the program. Pursuant to federal law, NYCHA receives federal funds from HUD to administer the Section 8 Program.

b.   Applicants who are accepted as tenants in the Section 8 Program are required to submit an affidavit of income (the "AOI") on an annual basis certifying, among other things, the applicant's annual income, his assets, his household composition, and the income of any other household members. The AOI requires the applicant to endorse the following explicit acknowledgment: "I certify that the information given to New York City Housing Authority on household composition, income, net family assets, and allowance and deductions is accurate and complete to the best of my knowledge and belief."

c.   Under NYCHA regulations, a tenant is required to live in the Section 8 apartment in order to rent it, and he may live in that apartment only with those individuals identified in the AOI. The number, identity, and income of the individuals listed on the AOI are important factors in NYCHA's determination of whether and to what extent a tenant's rent should be subsidized.

### ARAUT Consistently Reported that He Occupied the Section 8 Apartment Alone

5.   I have reviewed documents maintained by NYCHA regarding RUFINO ARAUT, the defendant. Based on this review, I have learned the following information, among other things:

a.   From in or about May 2002 until in or about May 2009, ARAUT was the tenant of record at a particular apartment on Valentine Avenue in the Bronx, New York ("Apartment-1"). From in or about May 2009 until in or about February 2012, ARAUT was the tenant of record at a particular apartment on University Avenue in the Bronx ("Apartment-2"). In or about March 2012, ARAUT became the tenant of record at a particular apartment on East 194th Street in the Bronx ("Apartment-3" and, together with Apartment-1 and Apartment-2, the "Section 8 Apartments").

b.   From in or about May 2002 up to and including at least in or about May 2017, ARAUT participated in the Section 8 Program and benefited from federal subsidies in connection with his rental of the Section 8 Apartments.

4

c.   As a participant in the Section 8 Program, ARAUT was required each year to file an AOI, in which he was required to provide updated information regarding, among other things, the income and assets of all occupants of the Section 8 Apartment. This information was necessary to ensure ARAUT's ongoing eligibility for Section 8 benefits.

d.   Between January 2009 and November 2016, ARAUT signed and submitted ten AOIs (the "False AOIs"). Each of the False AOIs listed ARAUT as the sole occupant of the Section 8 Apartments. Each of the False AOIs also reported that ARAUT's only source of income was Social Security Disability payments.

e.   Each of the False AOIs included the following "Tenant Certification": "I certify that the information given to the New York City Housing Authority on household composition, income, net family assets, and allowance and deductions is accurate and complete to the best of my knowledge and belief. I also certify that the dwelling unit listed in this Affidavit of Income is used solely for residence by the family and is the principal place of residence for all members of the family listed in Section F. I further certify that all Employment Certification or statements from employers that I have submitted as part of this Affidavit of Income have been completed and signed by the employer or an authorized representative of the employer. I also understand that false statements or information are grounds for termination of housing assistance. Further, I have read or have read to me the above statement."

**AURAT's Wife Occupied the Section 8 Apartments Without Authorization**

6.   On or about October 9, 2014, the OIG for NYCHA received an anonymous complaint alleging that RUFINO ARAUT, the defendant, had been concealing the presence of his wife (the "Wife") in Apartment-3.

7.   On or about March 9, 2015, at approximately 7:10 a.m., I visited Apartment-3. ARAUT answered the door, and stated that he had resided at Apartment-3 for three years with his wife. During the course of the conversation, the Wife also came to the door, and stated that she had been residing at Apartment-3 with ARAUT for three years. Both ARAUT and his Wife appeared to be wearing pajamas and both stated that they had just woken up.

8.   On or about March 11, 2015, I visited the building in which Apartment-3 is located ("Building-1"). I spoke with the

superintendent of Building-1 ("Superintendent-1").
Superintendent-1 informed me that a Puerto Rican married couple,
male and female, had been residing in Apartment-3 since before
Superintendent-1 began working at Building-1 one year ago. I
showed Superintendent-1 photographs of ARAUT and the Wife.
Superintendent-1 recognized both of them as the occupants of
Apartment-3. I also spoke with Building-1's porter (the
"Porter"). The Porter informed me that a Hispanic couple, male
and female, had lived in Apartment-3 for over two years. I
showed the Porter photographs of ARAUT and the Wife. The Porter
recognized both of them as the occupants of Apartment-3.

9.     On or about March 13, 2015, I visited the building in
which Apartment-2 is located ("Building-2"). I spoke with the
superintendent of Building-2 ("Superintendent-2").
Superintendent-2 informed me that, prior to the current tenants,
a Puerto Rican couple, male and female, resided in Apartment-2.
He stated that the male occupant's name was Rufino. I showed
Superintendent-2 photographs of ARAUT and the Wife.
Superintendent-2 recognized both of them as previous occupants
of Apartment-2.

10.    On or about July 7, 2015, I interviewed RUFINO ARAUT,
the defendant, at the office of the OIG for NYCHA. At the outset
of the interview, ARAUT was advised that his participation was
voluntary, that he was free to end the interview at any time,
and that he was not compelled to make any statements or answer
any questions. ARAUT nonetheless provided the following
information under oath:

      a.    ARAUT initially denied that his Wife was living
with him in Apartment-3. When challenged, however, ARAUT
admitted that his Wife had been living with him in the Section 8
Apartments since 2005. ARAUT acknowledged that he made a mistake
by not reporting his Wife as part of his family composition.

11.    On or about May 3, 2017, a Special Investigator with
the OIG for NYCHA ("Investigator-1") visited Building-1, i.e.,
the building in which Apartment-3 is located. Investigator-1
spoke with the superintendent of Building-1, who was different
from Superintendent-1, see infra ¶ 7 ("Superintendent-3").
Superintendent-3 informed Investigator-1 that a male and female
had been residing in Apartment-3 since before Superintendent-3
began working at Building-1 two years ago. Investigator-1 showed
Superintendent-3 photographs of ARAUT and the Wife.
Superintendent-3 recognized both of them as the occupants of
Apartment-3.

6

12.   On or about May 5, 2017, a Special Investigator with the OIG for NYCHA ("Investigator-2") visited Apartment-3. Investigator-2 spoke with a male who identified himself as ARAUT. ARAUT initially stated that he resided at Apartment-3 by himself, but when further questioned, admitted that the Wife stayed at Apartment-3 on weekends and the majority of the week.

13.   Database and records searches reveal that the Wife has been associated with the Section 8 Apartments since 2004, as follows:

a.   Records obtained from the New York City Clerk's Office Marriage License Bureau reveal that RUFINO ARAUT, the defendant, and his Wife were married on August 17, 2012, and reported their home address as Apartment-3.

b.   A search of records maintained by the New York State Department of Motor Vehicles reveals that the Wife has a non-driver identification associated with Apartment-3. In or about June 2010, the Wife was issued a New York state non-driver identification associated with Apartment-2.

c.   Records obtained from the New York City Board of Elections reveal that the Wife has been registered to vote at Apartment-3 since in or about April 2013. The records also reveal that on two occasions—in or about December 2004, and in or about October 2008—the Wife submitted voter registration documents listing Apartment-1 as her home address.

d.   Records obtained from a city-wide database reveal that the Wife has been employed by the New York City Department of Education ("DOE") since in or about August 2006.

e.   Records from the NYC Office of Payroll Administration reveal that the Wife earned $15,619 in 2008, $46,135 in 2009, $49,159 in 2010, $48,715 in 2011, $50,063 in 2012, $56,498 in 2013, $66,586 in 2014, $69,499 in 2015, and $75,845 in 2016. Records obtained from DOE reveal that the Wife's current base salary is $76,024 and the address on the Wife's DOE file is Apartment-3. In or about January 2008, the Wife submitted a form to the DOE in which she listed her address as Apartment-1. In or about December 2010, the Wife submitted a form to the DOE in which she listed her address as Apartment-2. In or about September 2012, the Wife submitted a form to the DOE in which she listed her address as Apartment-3.

**ARAUT Received Housing Subsidies to Which He Was Not Entitled Based on the False AOIs**

7

14.  I have reviewed a rent recalculation for the Section 8 Apartment that was performed by NYCHA's Leased Housing Department. The rent recalculation reflects that, from in or about October 2008, through in or about May 2017, RUFINO ARAUT, the defendant, received approximately $80,757 in Section 8 subsidies to which he was not entitled, that is, money he would not have received had he accurately reported the Wife's income and presence in the Section 8 Apartments.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of RUFINO ARAUT, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

BRIGLANTINA BUJAJ
Special Investigator
N.Y.C. Dept. of Investigation
Office of the Inspector General
New York City Housing Authority

Sworn to before me this
2 day of June, 2017

THE HONORABLE BARBARA C. MOSES
United States Magistrate Judge
Southern District of New York